*E-FILED - 5/7/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMILIANO ZAPATA LOYOLA, | ) | No. C 07-4095 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) | |
| MENTAL HEALTH SERVICES AND TREATMENT CONDITIONS SALINAS VALLEY STATE PRISON EOP PROGRAM, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court dismisses the instant complaint with leave to amend as set forth below.

**BACKGROUND**

Plaintiff alleges that he submitted an appeal concerning the mental health program at Salinas Valley State Prison ("SVSP"). Plaintiff claims that there is a lack of counseling and that his case manager is against him. Plaintiff requests that he be transferred to a facility with a higher level of mental health treatment, such as a state hospital where he could receive better treatment. Complaint at 3. Plaintiff names the SVSP Mental Health Treatment Program as a Defendant.

Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.07\Loyola095dwlta            1

...

# DISCUSSION

A.  **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976).

B.  **Plaintiff's Claim**

Plaintiff claims that the SVSP mental health treatment program does not provide adequate counseling. He requests that he be transferred to a facility with a higher level of mental health treatment for his well being and care. Plaintiff names several doctors and nurses in the SVSP mental health program, however plaintiff fails to link these individuals to his claim. See Complaint at 3.

1   The treatment a prisoner receives in prison and the conditions under which he is confined
2   are subject to scrutiny under the Eighth Amendment. <u>Helling v. McKinney</u>, 509 U.S. 25, 31
3   (1993). A mentally ill prisoner may establish unconstitutional treatment on behalf of prison
4   officials by showing that officials have been deliberately indifferent to his serious medical needs.
5   <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994); <u>see also</u> <u>Hoptowit v. Ray</u>, 682 F.2d
6   1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health
7   care requirements). A serious medical need exists if the failure to treat a prisoner's condition
8   could result in further significant injury or the unnecessary and wanton infliction of pain. See
9   <u>Doty</u>, 37 F.3d at 546; <u>Capps v. Atiyeh</u>, 559 F. Supp. 894, 916 (D. Ore. 1983) (inmate suffers
10  eighth amendment pain whenever he must endure untreated serious mental illness for any
11  appreciable length of time). The Eighth Amendment does not require the state to solve inmates'
12  behavioral, emotional and personality problems, however. See <u>id.</u> (citing <u>Hoptowit</u>, 682 F.2d at
13  1254-55). Nor does the routine discomfort that results from incarceration and which is part of
14  the penalty that criminal offenders pay for their offenses against society constitute a serious
15  medical need; rather, a serious medical need requires an ailment of a greater magnitude or with a
16  cause separate from confinement. See <u>Doty</u>, 37 F.3d at 546 (plaintiff's nausea, shakes, headache
17  and depressed appetite type of routine discomfort resulting merely from incarceration and
18  concomitant separation from one's family); <u>Capps</u>, 559 F. Supp. at 916 (serious mental disorder
19  must be, at a minimum, illness such as acute depression, paranoid schizophrenia, psychoses, or
20  nervous collapse); <u>cf.</u> <u>Jordan v. Gardner</u>, 986 F.2d 1521 (9th Cir. 1993) (en banc) (body searches
21  by male guards of female inmates who previously had been subject to sexual abuse causes severe
22  emotional distress constituting cruel and unusual punishment).
23  Under the Eighth Amendment, deliberate indifference requires a showing that prison
24  officials possess a sufficiently culpable state of mind. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834
25  (1994). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial
26  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.
27  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of
28  facts from which the inference could be drawn that a substantial risk of serious harm exists," but

1  he "must also draw the inference." Id. If a prison official should have been aware of the risk, but
2  was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.
3  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate
4  indifference to be established, therefore, there must be a purposeful act or failure to act on the
5  part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd.
6  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

7       Plaintiff's claim fails at the outset because he fails to set forth specific facts showing how
8  the defendant proximately caused a constitutional deprivation. For a claim to be cognizable, a
9  plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected
10 rights." Leer, 844 F.2d at 634. But here, plaintiff alleges facts without explaining the actions of
11 the defendant or other individual named in the complaint that were involved. As such, plaintiff
12 fails to link the defendant to his claim. Accordingly, the complaint does not state a cognizable
13 claim against the named defendant. The court will DISMISS plaintiff's claim with leave to
14 amend.

15      Plaintiff must allege facts supporting each claim against each defendant separately in his
16 amended complaint showing his entitlement to relief from each defendant. Plaintiff should list
17 the constitutional right he has, describe what each defendant did or failed to do, and describe how
18 each defendant's acts or omissions caused him injury. He should not refer to the defendants as a
19 group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link
20 each of them to a specific claim by explaining what each defendant did or failed to do that caused
21 a violation of his constitutional rights.

22      Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e.
23 no liability under the theory that one is responsible for the actions or omissions of an employee.
24 Liability under Section 1983 arises only upon a showing of personal participation by the
25 defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable
26 under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation
27 or (2) a sufficient causal connection between the supervisor's wrongful conduct and the
28 constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)

Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.07\Loyola095dwlta      4

1  (en banc) (citation omitted).

2      The court concludes that the complaint does not state a cognizable claim against the named defendant. Accordingly, the court grants plaintiff leave to file an amended complaint **within thirty days** of the date this order to include sufficient facts of the defendant's actions to support his constitutional claim against each defendant. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992).

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend, as indicated above, **within thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 07-4095 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation of his prison administrative appeal, by reference. Plaintiff must include all of his claims in the amended complaint. **Failure to file an amended complaint within the designated time will result in the court dismissing the complaint without prejudice for failure to state a cognizable claim under § 1983.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." Plaintiff must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/5/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge